**SO ORDERED.**

**SIGNED this 28 day of January, 2016.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 15-02651-5-DMW |
| KYLE R. RYAN | CHAPTER 7 |
| Debtor | |
| | |
| KYLE R. RYAN | |
| Plaintiff | ADVERSARY PROCEEDING NO. 15-00081-5-DMW |
| vs. | |
| DEFENSE FINANCING AND ACCOUNTING SERVICE | |
| Defendant | |

## ORDER DENYING MOTION TO DISMISS

This matter comes on to be heard upon the Motion to Dismiss ("Motion") filed by Defense Financing Accounting Service ("Defendant") on October 19, 2015 and the Objection to Defendant's Motion to Dismiss Complaint filed by Kyle R. Ryan ("Plaintiff") on November 2,

2015. The court conducted a hearing ("Hearing") in Raleigh, North Carolina on December 16, 2015. G. Normal Acker, III, Esq. appeared for the Defendant, and J.M. Cook, Esq. appeared for the Plaintiff. Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1.	This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.	The Plaintiff filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on May 12, 2015 ("Petition Date").

3.	The Defendant filed Proof of Claim Number 1 ("Claim") in the amount of $9,667.21 for a debt ("Debt") arising from a reenlistment bonus received by the Plaintiff from the United States Army by virtue of the Plaintiff's reenlistment as an active duty service member.

4.	When the Plaintiff received an early discharge from the armed services, the Defendant attempted to collect the unearned portion of the Plaintiff's reenlistment bonus. As a result of the Defendant's attempt to collect on the Debt, the Plaintiff filed this bankruptcy case.

5.	The Plaintiff filed a Complaint ("Complaint") initiating this adversary proceeding on August 7, 2015 to determine the nature and the extent of the Claim pursuant to Rule 7001(10) of the Federal Rules of Bankruptcy Procedure[1] and to determine the dischargeabilty of the Debt pursuant to Rule 7001(6) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 523 and 727.

---

[1] Rule 7001(10) addresses actions removed from another jurisdiction to this court. While this cite by the Plaintiff may not be accurate, the extent and validity of the claim against the Debtor is relevant to the other cause of action brought in the Complaint. Additionally, Rule 3007(b) of the Federal Rules of Bankruptcy Procedure allows for a claim objection to be included in an adversary proceeding.

2

6. The first cause of action alleged in the Complaint states that pursuant to 11 U.S.C. § 727(b), the Debt is dischargeable. Section 727 states the following:

> "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such a claim had arisen before the commencement of this case . . ."

The Plaintiff argued that the Debt owed to the Defendant is not excepted from discharge under Section 523; therefore, the Debt is subject to a discharge granted under Section 727.

7. The second cause of action in the Complaint is the Plaintiff's objection to the Claim, which is normally made in the underlying case but can be made in an adversary proceeding. Fed. R. Bankr. P. 3007(b). The Plaintiff argued that the Defendant did not substantiate the amount owed, and the amount claimed is inaccurate. In particular, the Plaintiff cited the amount in a Leave and Earnings Statement ("Statement") that was to be recovered by the Defendant. The Plaintiff also alleged that the Defendant withheld an amount in satisfaction of the Debt, and the amount of the Claim exceeded the original amount set forth in the Statement.

8. In the Defendant's Answer to the Complaint ("Answer") filed on October 7, 2015, the Defendant failed to plea statutory justification for a dismissal; however, during the Hearing, the Defendant asserted that the Plaintiff failed to state a claim for which relief could be granted, thereby warranting dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

9. The Plaintiff argued that the Motion was not filed timely because the Answer, which is a responsive pleading, was filed prior to the Motion and does not raise the Rule 12(b)(6) defense. Rule 12(b) states that, "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). However, a defense

enumerated within Rule 12(b)(6), including a Rule 12(b)(6) defense, may instead be made by motion, but such motion "must be made before pleading if a responsive pleading is allowed." *Id*. In failing to raise the Rule 12(b)(6) defense in its Answer or by a motion filed prior to the Answer, the Defendant waived the right to assert this defense.

10. Even if the Motion were timely filed, which it is not, the Complaint would survive the Motion. In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff has met that burden by alleging facts that, when accepted as true, support a plausible claim for dischargeability determination. Additionally, the Plaintiff pled sufficient facts to justify a critical examination of the Claim filed by the Defendant, and that cause of action also survives a challenge under Rule 12(b)(6) if that challenge had been timely made.

11. Finally, the Defendant raised a significant legal issue regarding the conflicting statutes of 37 U.S.C § 303a(e) and 11 U.S.C. § 727. The Defendant argued that pursuant to Title 37, repayment of unearned portions of a bonus are excepted from discharge under the United States Bankruptcy Code. This statute conflicts with Section 727 which specifically states that except as set forth in Section 523, all other debts arising prior to the filing of the petition are discharged. The legal conflict between these statutes produces a justiciable issue; however, that issue is not properly before the court on the Motion and may be better presented for determination upon a pre-trial motion; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Defendant's Motion is denied.

END OF DOCUMENT